IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | **SEALED** |
| | § § | No. 4:19CR271 |
| | § § | Judge Jordan |
| | § § | |
| ▮▮▮▮ | § § | |
| DAWIT M. BELETE (5) | § § | |
| ▮▮▮▮ | § | |

**SECOND SUPERSEDING INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 21 U.S.C. § 846 (Conspiracy
to Possess with the Intent to Distribute
and Distribution of Cathinone) and 18
U.S.C. § 2 (Aiding and Abetting)

That from sometime in or about 2015, and continuously thereafter up to and including the date of this Second Superseding Indictment, in the Eastern District of Texas and elsewhere,



Dawit M. Belete

Second Superseding Indictment – Page 1

defendants, aided and abetted by each other and others, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cathinone, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### Count Two

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with the Intent to Distribute and Distribution of Cathinone) 18 U.S.C. § 2 (Aiding and Abetting)

That from sometime in or about 2015, and continuously thereafter up to and including the date of this Second Superseding Indictment, in the Eastern District of Texas and elsewhere,



Dawit M. Belete

defendants, aided and abetted by each other, did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cathinone, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## Count Three

Violation: 18 U.S.C. §§ 1956(h) and 2
(Conspiracy to Commit Money
Laundering and Aiding and Abetting)

That from sometime in or about 2015, and continuously thereafter up to and including the date of the Second Superseding Indictment, in the Eastern District of Texas and elsewhere,

**Dawit M. Belete**

defendants, aided and abetted by each other, did knowingly combine, conspire, and agree together and with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

    1.    To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute and Distribution of Controlled Substance(s) and Possession with the Intent to Distribute and Distribution of Controlled Substance(s) with the intent to promote the carrying on of specified unlawful activity, that is Conspiracy to Possess with the Intent to Distribute and Distribution of Controlled Substance(s) and Possession with the Intent to Distribute and Distribution of Controlled Substance(s), and that while conducting and attempting to

Second Superseding Indictment – Page 3

conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    2.     To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute and Distribution of Controlled Substance(s) and Possession with the Intent to Distribute and Distribution of Controlled Substance(s) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    3.     To transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A); and

    4.     To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute and Distribution of Controlled Substance(s) and Possession with the Intent to Distribute and Distribution of

Controlled Substance(s), from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

      5.      To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument of funds involving the proceeds of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute and Distribution of Controlled Substance(s) and Possession with the Intent to Distribute and Distribution of Controlled Substance(s) from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, in violation of 18 U.S.C. § 1956(a)(2)(B)(ii).

      All in violation of 18 U.S.C. § 1956(h).

## Count Four

Violation: 21 U.S.C. § 848(a)<br>(Continuing Criminal Enterprise)

That from sometime in or about 2015, and continuously thereafter up to and including the date of this Second Superseding Indictment, in the Eastern District of Texas and elsewhere, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ defendant herein did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he unlawfully, knowingly and intentionally violated 21 U.S.C. § 846, which violation includes, but is not limited to, the violations alleged in Counts One and Two of this Second Superseding Indictment; that is: Conspiracy to Possess with the Intent to Distribute and Distribution of a mixture or substance containing a detectable amount of cathinone and Distribution or Possession with the Intent to Distribute a mixture or substance containing a detectable amount of cathinone and which violation was part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801, et seq., undertaken in concert with at least five other persons with respect to whom the defendant occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

In violation of 21 U.S.C. § 848(a).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853

As a result of committing the offenses charged in this Second Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

### Real Property

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located in Collin County, Texas at **1707 Summerfield, Allen, Texas**, more fully described as Orchards Phase 2, Blk I, Lot 19.

### Substitute Assets

Moreover, if, as a result of any act or omission of any defendants, any property subject to forfeiture:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

The United States intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property, including but not limited to all

property, both real and personal owned by the defendants. As a result of the commission of the offenses alleged in this Second Superseding Indictment, any and all interest that the defendants has in any such property is vested in and forfeited to the United States.

A TRUE BILL

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

_____        _____
HEATHER HARRIS RATTAN                 Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | No. 4:19CR271 |
| | § § | Judge Jordan |
| DAWIT M. BELETE (5) | § § § § § | |



## **NOTICE OF PENALTY**

### **Count One**

| | |
|---|---|
| Violation: | 21 U.S.C. § 846 |
| Penalty: | Not more than twenty years imprisonment, a fine not to exceed $1 million, or both; supervised release of at least 3 years; |
| Special Assessment: | $100.00 |

### **Count Two**

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) |
| Penalty: | Not more than twenty years imprisonment, a fine not to exceed $1 million, or both; supervised release of at least 3 years; |
| Special Assessment: | $100.00 |

## Count Three

Violation: 18 U.S.C. § 1956(h)

Penalty: Not more than twenty years imprisonment, a fine not to exceed $250,000, or both; supervised release of at least 3 years;

Special Assessment: $100.00

## Count Four

Violation: 21 U.S.C. § 848(a)

Penalty: Not less than twenty years and not more than life imprisonment, a fine not to exceed $2 million, or both; supervised release of at least 8 years;

Special Assessment: $100.00